# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN AVERY ANDERSON,
    Plaintiff,

v.                                Case No. 20-C-562

JIM CIESZYNSKI, et al.,
    Defendants.

## ORDER

The plaintiff is proceeding on various claims under the First Amendment and RLUIPA. Before me are the plaintiff's motions to supplement his second amended complaint (ECF No. 44), compel discovery (ECF No. 48), and strike his motion to supplement (ECF No. 51).

### I. MOTION TO SUPPLEMENT (ECF No. 44)

The plaintiff moves to supplement his complaint related to his claim that a John Doe prison official required higher scrutiny of Pagan materials at the prison. ECF No. 44. I permitted the plaintiff to proceed on this claim and ordered him to identify the name of the person responsible by May 24, 2021. ECF Nos. 18 & 32. The plaintiff says he learned from the defendants through discovery that any of nine different persons "could have been responsible for the extra screening processes" of his Pagan materials. ECF No. 44. He does not allege anything specific to those nine persons but instead seeks to proceed on this claim against all nine. *Id.*; ECF No. 44-1. The plaintiff's motion is, in effect, one to substitute these nine persons in place of the John Doe placeholder.

The plaintiff previously submitted a "Notice" about the John Doe defendants. ECF No. 38. He explained that he asked the defendants to identify "all staff members at Kettle Moraine who have refered [sic] any of the plaintiffs [sic] property items for additional screening citing any reason." *Id.* at 1. The defendants objected to this inquiry but responded, "There are no documents used to track additional screenings of publications, it is therefore unknown who sent Plaintiffs [sic] publications for additional screening. Any officer who

worked in the mail room may have done so." *Id.* The plaintiff says he later spoke with an unidentified officer who informed him that "this information is most deffinetly [sic] recorded." *Id.* The plaintiff insists that a record exists that includes the name of the person or persons who ordered higher scrutiny of his materials. Because the plaintiff does not have that record and does not know who specifically may have ordered the higher scrutiny, he seeks to proceed against all mailroom officers who possibly could have withheld his materials for higher scrutiny. The defendants explain that records are kept only "whenever publications are ultimately denied," and these records were mailed to the plaintiff. ECF No. 46 at 1, n.1.

I allowed the plaintiff to proceed on a claim against the person responsible "for ordering higher scrutiny of Pagan materials and literature" at Kettle Moraine Correctional Institution. ECF No. 18 at 11. The plaintiff does not identify that person. Instead, he seeks to proceed against nine KMCI staff members who he alleges *worked* in the mailroom at the prison. ECF No. 44-1. The plaintiff has no personal knowledge that any of those persons are responsible for *ordering* higher scrutiny of his Pagan materials. He instead suspects that they may have followed a policy, rule, order, or procedure requiring higher scrutiny of his materials and held them pending further review. That is not the claim on which I allowed the plaintiff to proceed in this lawsuit. Moreover, the plaintiff alleges no facts in support of this proposed amended claim. The plaintiff's speculation that any of these nine people *may* be responsible for holding his materials for further review does not satisfy Fed. R. Civ. P. 8 and does not state a claim against them. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (affirming that "vague phrasing" in complaint that "'one or more of the Defendants' had engaged in certain acts or deprived [plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts"). I will not allow the plaintiff to proceed against the nine putative defendants he identifies.

## II. MOTION TO COMPEL (ECF No. 48)

The plaintiff moves to compel the defendants to turn over documents that he believes would reveal the identity of the prison employees who placed religious texts he requested on a "banned book list." ECF No. 49 at 1. He says he requested these documents from the

2

Case 2:20-cv-00562-LA   Filed 08/05/21   Page 2 of 5   Document 65

defendants in April 2021. *Id.* He asserts the defendants lied about the existence of the documents, which he says are "part of standard proceedure [sic] at this facility and should exist for all additional screened items, including books and publications." *Id.* at 2. The plaintiff contends that these records are not confidential and would show enforcement of a policy at KMCI requiring additional screening of Pagan materials—a policy not applied to materials of other religions. *Id.* at 3–4. The plaintiff attaches a document showing an email discussion between institution complaint examiner Kathleen Schmidt and Wisconsin Division of Adult Institutions Security Chief Brian Foster (neither of whom are defendants). ECF No. 50-1 at 2. Those emails show that Schmidt shared with Foster an email from the chaplain at KMCI about the contents of a publication presumably requested by the plaintiff. *Id.* Foster informed Schmidt the publication was banned under Wis. Admin. Code § DOC 309.05 for two reasons: "Teach or advocate violence or hatred and present a danger to institutional security and order," and/or "Teach or advocate behavior that violates the law of the state or the United States or the rules of the department." *Id.*

The defendants oppose the plaintiff's motion. ECF No. 56. They first state that the plaintiff failed to meet and confer to resolve this discovery issue without the court's involvement, as Federal Rule of Civil Procedure 37(a)(1) requires. They also assert that despite the plaintiff's assertions, "the documents he wants which he thinks will help identify his John Doe do not exist." *Id.* at 1. They explain that *all* religious items that come through KMCI are reviewed by a chaplain before they are distributed to the inmate, and "paperwork is generated" only if a publication is denied. *Id.* at 2. The defendants otherwise contend that the plaintiff's request for documents generated when any religious publication is denied is unduly burdensome, overly broad, and seeks confidential information under Wis. Admin. Code § DOC 310.16. They assert it is not relevant whether books of other religions have been denied, and they have provided him all complaints related to publications he sought.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure

3

or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, the court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L. R. 37 (E.D. Wis.). That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id.* These rules exist because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

The plaintiff's motion does not include a certification that he conferred or attempted to meet and confer with the defendants to resolve the discovery issue before asking the court to intervene. He essentially admits he did not comply with the requirement in his reply, where he mentions a letter counsel for the defendants sent him that he says shows the defendants were "mad that [he] didn[']t 'confer' with a dishonest party before contacting the court." ECF No. 60 at 1. Although the plaintiff is proceeding pro se, he still must comply with the court's local rules. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules"); *Smith v. Adams*, 804 F.App'x 390, 391 (7th Cir. 2020) (same for pro se plaintiffs). Because the plaintiff failed to meet and confer with the defendants before filing his motion to compel, he did not comply with the local or federal rules requiring him to do so. I will therefore deny his motion to compel.

As an additional note, the plaintiff attached a document from defense counsel showing she asked KMCI staff to perform "some digging on their part" to find documents related to the plaintiff's discovery requests. ECF No. 60-1 at 1. She mailed that letter and the resulting documents to the plaintiff on May 20, 2021—the same day he signed his motion to compel and sent it to the court. ECF No. 48. That means if the plaintiff had contacted defense counsel about these items as the rules require him to, or waited an extra day or two, he may not have filed this motion. I advise the plaintiff to work with the defendants to resolve future discovery or litigation issues before seeking court intervention.

## III.  MOTION TO STRIKE (ECF No. 51)

Finally, the plaintiff moves to strike his motion to supplement his complaint. ECF No. 51. The plaintiff says he learned on May 19, 2021 (five days before his deadline to identify the Doe defendants) that administration at KMCI keeps "standard logs" documenting books that are sent for additional review and higher scrutiny before being provided to the prisoner requesting them. *Id.* at 2. He says he believes he could "d[e]finitively identify all actors in this matter" if the court compels the prison to turn over the logs the plaintiff describes. *Id.*[1]

As explained above, I am denying the plaintiff's motions to supplement his complaint and to compel. I will deny his motion to strike his motion to supplement as moot. Because the plaintiff has failed to identify the person responsible for ordering higher scrutiny of Pagan materials and literature at KMCI, and the deadline to do so has long passed, I will dismiss the John Doe defendant from this lawsuit.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that the plaintiff's motion to supplement (ECF No. 44), construed as a motion to substitute the identity of the John Doe defendant, is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (ECF No. 51) is **DENIED AS MOOT**. The John Doe defendant is **DISMISSED**. The clerk's office shall remove the John Doe defendant from the docket.

Dated at Milwaukee, Wisconsin this 5th day of August, 2021.

        s/Lynn Adelman_____
        LYNN ADELMAN
        United States District Judge

---

[1] The plaintiff states he will file a motion to compel these documents "in 48 to 96 hours of this one," *Id.* The plaintiff dated this motion May 19, 2021, but the court did not receive it until June 1. Yet on May 25, the court received the motion to compel, which as noted the plaintiff signed on May 20. ECF No. 48.