# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN AVERY ANDERSON,
        Plaintiff,

v.                                                                                                                      Case No. 20-C-562

JIM CIESZYNSKI, et al.,
        Defendants.

## ORDER

The plaintiff is proceeding on various claims under the First Amendment and RLUIPA. This order resolves the plaintiff's motion to compel (ECF No. 79) and his motion for reconsideration of my previous order granting partial summary judgment for the defendants on exhaustion grounds (ECF No. 83).

## I. MOTION TO COMPEL (ECF No. 79)

The plaintiff asks me to order the defendants to produce materials he requested in his second and fourth set of discovery requests. The defendants did not initially respond to the plaintiff's second set of requests within 30 days. However, the plaintiff "graciously extended the second request deadline by an additional 10 days." ECF No. 80 at 1. The defendants responded within that time but objected to the plaintiff's requests to provide pagan books and view property within the prison. The plaintiff states that the defendants have not responded to his fourth set of requests. He seeks an extension of the discovery deadline, which elapsed on October 11, 2021. ECF No. 40. He also seeks sanctions against the defendants for their purported "behavior of deciet [sic] and lies." ECF No. 98 at 3.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Like its federal counterpart, the court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L.R. 37 (E.D. Wis.). That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id.* These rules exist because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

The plaintiff did not include with his motion a certification that he conferred or attempted to confer with the defendants to resolve the discovery disputes. It is not enough that the plaintiff wrote a letter to defense counsel about the first set of missing discovery requests. As I explained to the plaintiff in a previous discovery order, his status as a pro se litigant does not exempt him from following the court's local rules. ECF No. 65 at 4 (citing *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020); and *Smith v. Adams*, 804 F.App'x 390, 391 (7th Cir. 2020)). The plaintiff has again failed to follow these rules. For that reason, alone, I will deny his motion to compel.

There are also other reasons to deny the plaintiff's motion. The defendants' responses and objections to the plaintiff's second set of discovery requests were reasonable. The plaintiff requested that the defendants provide "[a]ny and all books, magazines, tratcs [sic], or other publications" that relate to the pagan religion. ECF

2

No. 82-1 at 2. He insisted the list "come from books on the shelves physically, not a data base." ECF No. 80 at 2; ECF No. 82-1 at 2. The defendants responded with a list of available books related to the Pagan religion at the prison. ECF No. 88-4 at 1. They explained that he could confirm whether an item was physically available by attempting to pick it up at the library. *Id.* The plaintiff can examine the available books to determine whether they relate to his religious beliefs and can provide a declaration noting which (or how many) books on the defendants' list are not available to him. I will not order the defendants to respond differently to this request.

The plaintiff also requested to inspect the prison library, chapel, "and any and all storage areas" where he has been informed that unlisted, donated books may exist. ECF No. 80 at 3; ECF No. 82-1 at 2. The defendants permitted the plaintiff to visit the library during his unit's regular hours and the chapel for approved events. *Id.* But otherwise, they objected to this request. ECF No. 88-4 at 1–2. The defendants asked the plaintiff to explain why he sought access to storage areas and what information could not be gained by submitting an interrogatory. *Id.* This, too, was a reasonable response. The plaintiff is not entitled to enter unspecified, potentially restricted areas of the prison and spend hours there to review books. He could have submitted an interrogatory, as the defendants suggested, or he could have sent the defendants an affidavit from library staff who told him about books that may be available elsewhere in the prison. The plaintiff took neither of those options and instead filed this motion to compel. I will not order the defendants to allow the plaintiff to inspect various areas of the prison.

Finally, the defendants' responses to the fourth set of discovery requests were timely. Counsel for the defendants swears she responded to the plaintiff's most recent

3
Case 2:20-cv-00562-LA   Filed 11/18/21   Page 3 of 8   Document 102

request for discovery after he filed his motion to compel. ECF No. 87 at 4–5; ECF No. 88, ¶ 5. Counsel attached the letter and responses she sent to the plaintiff on October 1, 2021. ECF No. 88-2 at 1. The plaintiff does not respond to counsel's sworn statements about these responses. He instead claims that the defendants have repeatedly lied to the court and "attempt to work trickery with math." ECF No. 98 at 2.

The defendants' exhibits show that the plaintiff dated his fourth request for exhibits August 29, 2021; it was post-marked August 30, 2021; and the defendants received it on September 2, 2021. ECF No. 80 at 1; ECF No. 88, ¶ 6. ECF No. 88-3 at 1, 6–7. The defendants had thirty days from the date they were served, *see* FED. R. CIV. P. 34(b)(2)(A) & 36(a)(3), *plus* three days because service was made by mail, *see* FED. R. CIV. P. 6(d), to respond to that request. Service by mail "is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The defendants complied with those rules by mailing the response to the plaintiff's responses on October 1, 2021—thirty-three days after the plaintiff handed over his requests for mailing. ECF No. 80, ¶ 5; ECF No. 88-2.

The plaintiff insists his requests should be considered served the date he dropped them in the prison mailbox under the prison mailbox rule. ECF No. 98 at 2. That rule provides that "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies." *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). The Seventh Circuit has not determined whether that rule also applies to discovery requests mailed to an opposing party, rather than filed with the court. *See Lee v. County of Cook*, 2 F. App'x 571, 573 (7th Cir. 2001) (citing *Faile v. Upjohn Co.*, 988 F.2d 985 (9th Cir. 1993)). But even assuming it does apply, the defendants' responses were timely. As explained above, the plaintiff signed his

4

requests on August 29, 2021. ECF No. 88-3 at 1. Thirty plus three days later (to allow extra time for mailing) was October 1, 2021. That is the date the defendants mailed their responses to the plaintiff. ECF No. 88-2. The defendants therefore complied with the Federal Rules and timely responded to the plaintiff's fourth set of requests.

In sum, the plaintiff did not follow the Federal and Civil Local Rules governing motions to compel by failing to confer or attempt to confer with the defendants before seeking court intervention. Even if he had, the defendants timely responded to the plaintiff's second and fourth requests for discovery. That the plaintiff is dissatisfied with their responses is not a reason to compel the defendants to respond differently. For these reasons, I will deny the plaintiff's motion to compel and his request for sanctions against the defendants. I advise the plaintiff, as I have in previous orders, to exercise patience in litigating this lawsuit and to work with the defendants as it proceeds.

## II. MOTION FOR RECONSIDERATION (ECF No. 83)

The plaintiff also asks me to reconsider my previous decision (ECF No. 78) dismissing his claim related to his religious fast because he failed to exhaust his administrative remedies before bringing this lawsuit. ECF No. 83. The plaintiff filed his motion under Federal Rule of Civil Procedure 59(e). But that Rule applies only when judgment has been entered. The previous order disposed of only one claim in this lawsuit. Several claims remain, and judgment has not yet been entered. I therefore construe the plaintiff's motion as brought under Federal Rule of Civil Procedure 54(b). That Rule provides, in part,

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised

> at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that was not available before the court ruled. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. *Id*. at 1270. A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff fails to demonstrate I committed a manifest error of law or fact in my previous decision. The plaintiff merely takes issue with my rulings and reiterates arguments he made in opposition to the defendants' motion. For example, he reiterates that he exhausted a claim about his fast earlier in 2019. ECF No. 84 at 2–4. I addressed that argument in the previous order and will not address it again here. ECF No. 78 at 7–8 (citing ECF No. 18 at 8). The plaintiff's dissatisfaction with my ruling is grounds for an appeal, not for reconsideration. I will deny his motion.

As an aside, the plaintiff in reply asserts that he exhausted his administrative remedies because he filed his second amended complaint after completing the administrative appeals process. ECF No. 101. Because he raised this argument for the first time in his reply brief, it is waived. *See Est. of Smith by Haynes v. City of Milwaukee*, 410 F. Supp. 3d 1066, 1076 (E.D. Wis. 2019); *Little v. Foster*, No. 16-CV-805-JPS, 2017 WL 2912465, at *2 (E.D. Wis. July 7, 2017) (enforcing this rule against a pro se litigant).

6
Case 2:20-cv-00562-LA   Filed 11/18/21   Page 6 of 8   Document 102

Nonetheless, the plaintiff is incorrect. Under the PLRA, "[n]o *action* shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added); *see Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) ("A prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending."). The plaintiff brought this action on April 1, 2020—the day he signed his initial complaint. ECF No. 1 at 16. The original complaint included his religious fasting claim. *Id.* at 2, 4–8. The plaintiff did not amend his complaint to include the fasting claim for the first time after exhausting his administrative remedies, which would have been permissible. *See Cannon*, 418 F.3d at 719. Instead, the amended complaints repleaded the same unexhausted fasting claim as in the initial complaint, which does not satisfy the PLRA's exhaustion requirements. *See Chambers v. Sood*, 956 F.3d 979, 984–85 (7th Cir. 2020) (noting that *Cannon* applies only to "amended complaints *raising new claims* that the plaintiff had exhausted while litigation was ongoing" (emphasis added)).

## III. CONCLUSION

Since filing the two motions addressed in this order, the plaintiff filed two motions for summary judgment on the merits of his remaining claims. ECF Nos. 89 & 94. He filed those motions more than a month before the deadline for dispositive motions, which I extended to December 10, 2021, before he filed his summary judgment motions. Text-only Order of 10/22/21. The defendants' combined response and motion are due December 10, 2021. Text Only Order of 11/10/21. Because I am denying the plaintiff's motions, I will not reopen discovery or extend the deadline to complete it. This case shall proceed with briefing of the dispositive motions.

7

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (ECF No. 79) is **DENIED**. The plaintiff's request to extend the discovery deadline is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 83) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of November, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge